

**FILED**

MAR 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

William Waller
1104 Sable Mist CT
Las Vegas, NV 89144

        Plaintiff(s),

   v.

United States Government

        Defendant.

Case: 1:07-cv-00474
Assigned To : Roberts, Richard W.
Assign. Date : 3/12/2007
Description: Waller v. USA

### VERIFIED COMPLAINT, PETITION, AND CLAIM
### FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433,

### I
### INTRODUCTION

COME(S) NOW William Waller , and for cause(s) of action, aver(s):

**I.**    **PARTIES**

    A.    Plaintiff(s), is/are (a) Citizen(s) of Nevada.

    B.    Defendant is the UNITED STATES OF AMERICA.

**II.**    **JURISDICTION**

    A.    This Court has jurisdiction pursuant to:

        1.    Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747,

    as amended;

**III.**    **VENUE**

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.    "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV EXHAUSTION REQUIREMENT

Plaintiff has exhausted all available administrative remedies by sending a Verified Administrative Claim to the Internal Revenue Service, Area 11, Area Director, Denver 600 17th Street, Denver, CO 80202-2490, Attn: Compliance Technical Support Manager, received by the IRS on July 17, 2006, Cert. Mail #7003168000053794948441. More than 6 months have passed and plaintiff has not received a response.    Therefore the aforementioned Verified Administrative Claim is deemed denied. The aforementioned claim meets all requirements of the regulation[1].

## V.  ALLEGATIONS[2]

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action.  Plaintiff(s) believe that

---

[1] Pursuant to the aforementioned Verified Administrative Claim plaintiff(s) has/have exhausted all available administrative remedies and is/are officially barred from any further administrative appeal, review, relief and/or remedy.

[2] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

notwithstanding the filing of this suit the IRS will continue such collection action and may retaliate against plaintiff(s) for filing this suit by issuing levies, liens and other action.

Plaintiff has filed this action within two years of the discovery of sufficient facts to support a 7433 claim.

COUNT 1

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6001, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify plaintiff, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to

be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of William Waller , as authorized *if* a "...person shall fail to make a return required..." for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 4

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of William Waller for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 5

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of William Waller for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code

section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of William Waller for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of William Waller for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein;

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6103, subsection (c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to plaintiff or plaintiff's representative upon request for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 9

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to

be a component of the Department of Treasury, forced Plaintiff(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, see 42 USC § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, see 42 USC § 405(c)(2)(B)(i)(II) effectively creating, in Plaintiff(s), a false status of "alien" and/or "applicant/recipient".

COUNT 10

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).   In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by plaintiff(s) for each and every year beginning with 1998 and continuing to the date of the filing of this action

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded 26 U.S.C § 6202,with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, by failing to make an assessment of the taxes and penalties for any of the

aforementioned years plaintiff(s) allegedly owe(s), within the time and mode set forth by

the secretary for each and every year beginning with 1998 and continuing to the date of

the filing of this action

COUNT 12

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the

aforementioned collection actions the IRS disregarded Internal Revenue Code section

6203,with intent to defeat the application thereof: defendant, through principals, officers,

agents, and/or employees of Internal Revenue Service, purported to be a component of

the Department of Treasury, failed to record assessment(s) in the office of the Secretary

in the name ofWilliam Waller  for each and every year beginning with 1998 and continuing

to the date of the filing of this action;

COUNT 13

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

(1)    identification of the taxpayer;

(2)    character of liability assessed;

(3)    taxable period, if applicable; and,

(4)    amount of assessment,

for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).    In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 15

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal

Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of signed records of assessment with supporting lists upon request for each and every year beginning with 1998 and continuing to the date of the filing of this action

COUNT 16

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 17

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send plaintiff(s) a notice of deficiency (90 day letter) for each of the aforementioned years for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 18

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says plaintiff(s) owe(s) for each of the aforementioned years for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 19

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for each and every year beginning with 1998 and continuing to the date of the filing of this action

COUNT 20

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6751(b)(1), with

intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 21

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §7491(c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for each and every year beginning with 1998 and continuing to the date of the filing of this action

COUNT 22

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for each and every year beginning with 1998 and continuing to the date of the filing of this action

COUNT 23

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned

years for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 24

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the plaintiff(s) a thirty (30) day notice for each of the aforementioned years for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 25

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded 26 U.S.C. §6330(a), with intent

to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, by failing to provide plaintiff(s) with notice of a right to an impartial hearing

before issuing a notice of lien and/or levy and/or other agency action for each of the

aforementioned years for each and every year beginning with 1998 and continuing to the

date of the filing of this action;

COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded Internal Revenue Code section

6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, engaged in "conduct the

natural consequence of which is to harass, oppress, or abuse any person in connection

with the collection of any unpaid tax," for each and every year beginning with 1998 and

continuing to the date of the filing of this action;

COUNT 27

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 28

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving

proper notice and without making demand for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 29

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 30

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 31

On or about 1998 the IRS began tax collection action against plaintiff(s). In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 32

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 33

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Nevada for each and every year beginning with 1998 and continuing to the date of the filing of this action;

## IV

## REMEDY SOUGHT

1.    Plaintiff(s) seek(s) damages in accordance with section 7433, in an amount
equal to the fine imposed in Internal Revenue Code section 7214(a) for each
disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per
disregard or in the alternative one and one half times the statutory allowance
as determined by the court; and,

2.    such other and further damages as the court deems just and proper.

Dated: _3/5_____, 2007

_____        _____
William Waller

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State
of Nevada, personally appeared, William Waller, known to me to be the person(s) whose
name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they
executed the same as his/her/their free act and deed.

_____
Notary, State of Nevada



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
DUSTIN WALTER
No: 03-82717-1
My Appointment Expires June 23, 2007

07-2474
F474
2w2

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| William Waller | United States |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
...CT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William Waller
1104 Sable Mist CT
Las Vegas, NV 89144

702-286-7011

Case: 1:07-cv-00474
Assigned To : Roberts, Richard W.
Assign. Date : 3/12/2007
Description: Waller v. USA

JURY
ACTION

Washington, District of Columbia 20530

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
  Plaintiff

◉ 2 U.S. Government
  Defendant

○ 3 Federal Question
  (U.S. Government Not a Party)

○ 4 Diversity
  (Indicate Citizenship of
  Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency
Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
  Administrative Agency is Involved)

**○ D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ◉ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
  defendant
☐ 871 IRS-Third Party 26
  USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
  of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
  Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
  Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
  Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
  Exchange
☐ 875 Customer Challenge 12 USC
  3410
☐ 900 Appeal of fee determination
  under equal access to Justice
☐ 950 Constitutionality of State
  Statutes
☒ 890 Other Statutory Actions (if
  not administrative agency
  review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

26 USC 7433 Civil Damages for certain unauthorized collections actions

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ Check YES only if demanded in complaint<br>**JURY DEMAND:** YES ☒  NO ☐ |
|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐   NO ☒   If yes, please complete related case form.

DATE 3/7/07    SIGNATURE OF ATTORNEY OF RECORD

3/12/07

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

JC

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.