IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM WALLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-474 (RWR) |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant moves the Court to dismiss plaintiff's complaint on the ground that plaintiff failed to serve the United States and failed to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: October 9, 2007.    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Pat S. Genis
　　　　　　　　　　　　　　　　　　　　　PAT S. GENIS, #446244
　　　　　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　　Post Office Box 227
　　　　　　　　　　　　　　　　　　　　　Washington, DC  20044
　　　　　　　　　　　　　　　　　　　　　Tel./FAX:  (202) 307-6390/614-6866
　　　　　　　　　　　　　　　　　　　　　Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2644096.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM WALLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-474 (RWR) |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various statutes and regulations. Plaintiff seeks, among other things, damages under 26 U.S.C. § 7433.

QUESTIONS PRESENTED

1. Plaintiff failed to serve the Internal Revenue Service. Should this Court dismiss plaintiff's complaint for failure to properly serve the United States?

2. Plaintiff's complaint consists of generalized allegations without factual support. Should this Court dismiss plaintiff's complaint for failure to state a claim?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, William Waller, filed this complaint on March 12, 2007. Plaintiff served the United States Attorney General and the United States Attorney for the District of Columbia on August 6, 2007 and August 10, 2007,

respectively. No summons was issued for the Internal Revenue Service nor served on the agency.

2. <u>Relief sought and allegations in the complaint</u>. The complaint seeks damages under 26 U.S.C. § 7433 in the amount of $10,000 "per disregard." (Compl., Remedy Sought, at 24.) Plaintiff has organized his amended complaint into 33 purported "counts" of alleged wrongdoing by the Internal Revenue Service. In each count, plaintiff makes no factual allegations, but merely restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes and regulations.

## ARGUMENT

### I

#### PLAINTIFF FAILED TO PROPERLY SERVE THE UNITED STATES

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i);

*Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff served the United States Attorney General and the United States Attorney for the District of Columbia; plaintiff , however, failed to serve the Internal Revenue Service. Rule 4(i) provides that an agency must be served "in any action attacking the validity of an order of an . . . agency of the United States." Fed.R.Civ.P. 4(i)(1)(C). Section 7433 allows a taxpayer to commence a legal action attacking a determination by the Internal Revenue Service when either of two events occurs: 1) when the Internal Revenue Service issues a determination letter; or 2) upon the lapse of six months from the time a taxpayer files an administrative claim for

2644096.1                                3

damages. *See* 26 C.F.R. § 301.7433-1(d)(1); *Lindsey v. United States*, 448 F.Supp.2d 37, 53 (D.D.C. 2006). Because plaintiff is attacking the actions of the Internal Revenue Service, he must serve the Internal Revenue Service. Accordingly, since plaintiff failed to properly serve the United States, this Court should dismiss this complaint.

II.

PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DAMAGES UNDER SECTION 7433

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks "$10,000 per disregard." (Compl., Remedy Sought, at 24.) Plaintiff's complaint is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6). A complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). Plaintiff's complaint, however, merely restates the statutory language and alleges no facts to support a claim for damages. Since plaintiff's compliant fails to provide either notice of the basis of his claims or the grounds upon which they rest, this court should conclude that plaintiff has not, in fact or law, stated a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

Moreover, plaintiff has failed to state a claim under section 7433 because most of his allegations involve activities which are not related to the collection of taxes. Section 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz v. United*

2644096.1                                  4

*States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for section 7433 claim).

All allegations in plaintiff's complaint which involve *non-collection* activities are not cognizant under section 7433, and must be dismissed. These non-collection activities are found in counts alleging violations of record-keeping and procedural requirements, (counts 1-2, 18-23, 29); the preparation of substitutes for return for taxpayers who fail to file tax returns (counts 3-7); disclosure of return information (count 8); use of taxpayer identification numbers (count 9); assessment of taxes (counts 10-17); and failure to mediate (counts 30, 31).

The seven counts in which plaintiff has alleged collection activities do not state a claim. Plaintiff asserts that the Internal Revenue Service failed to send him a 30-day notice before issuing a levy (count 24); failed to notify him of his right to a hearing before levy (count 25); engaged in harassing conduct (count 26); failed to hold a hearing before issuing a lien (count 27); asserted a lien without proper notice (count 28);

2644096.1                                             5

asserted a lien for which no assessment was made (count 32); and failed to certify the lien (count 33).

Plaintiff's allegations are not supported by any facts from which the Court could infer that either a levy or a lien was issued, improperly or otherwise, or that plaintiff was entitled to notice or notice of a hearing with respect to any levy or lien. Nor are there any facts supporting his claim that the Internal Revenue Service engaged in harassing conduct. Plaintiff merely recites the statutory language and/or makes a generalized statement.

Plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any information whatsoever to demonstrate his right to relief. Accordingly, he has failed to state a claim, and this Court should dismiss his complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65.

DATE: October 9, 2007.   Respectfully submitted,

  /s/ Pat S. Genis
 PAT S. GENIS, #446244
 Trial Attorney, Tax Division
 U.S. Department of Justice
 Post Office Box 227
 Washington, DC  20044
 Tel./FAX:  (202) 307-6390/614-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2644096.1                                                         6

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM WALLER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES )<br>)<br>Defendant. ) | No. 07-474 (RWR) |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO DISMISS COMPLAINT and proposed ORDER were filed in accordance with the Courts ECF procedures and served upon plaintiff *pro se* on October 9, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>William Waller
>Plaintiff *pro se*
>1104 Sable Mist court
>Las Vegas, NV 89114

 /s/ Pat S. Genis
PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM WALLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-474 (RWR) |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Having considered the United States' motion to dismiss plaintiff's complaint, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED;

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Pat S. Genis
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

William Waller
Plaintiff *pro se*
1104 Sable Mist court
Las Vegas, NV 89114